Filed 3/8/2023 2:01 PM
Bobbye Christopher
District Clerk
Polk County, Texas
Madison Cain, Deputy

Cause No. __CIV23-0144_____

| | | |
|---|---|---|
| ROBERT PIXLEY | § | IN THE DISTRICT COURT OF |
| | § | |
| vs | § | POLK COUNTY, TEXAS |
| | § | |
| CORRPRO COMPANIES, INC. | § | _____ TH JUDICIAL DISTRICT |

## Plaintiff's Original Petition and Request for Deposition

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ROBERT PIXLEY complaining of CORRPRO COMPANIES, INC. and for cause of action would show unto the Court and jury the following:

### I.
### PARTIES

ROBERT PIXLEY, hereinafter referred to as Plaintiff for all intent and purposes, is a natural person who is a resident citizen of Polk County, Texas. The last three numbers of said Plaintiff's driver's license number are 629.

CORRPRO COMPANIES, INC., hereinafter referred to as Defendant for all intent and purposes, is a corporation authorized to do business in the State of Texas, wherein service may be had upon this Defendant by serving its agent for service, any agent at Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Travis County, Texas 78701.

### II.
### DISCOVERY CONTROL PLAN AND RULE 47 STATEMENT

Pursuant to the Texas Rules of Civil Procedure Rule 190.3, discovery is intended to be conducted under Level 2. Plaintiff requests the Court to enter a Level 2 Scheduling Order or Docket Control Order commensurate with the complexities of this case.

Plaintiff seeks monetary relief in an amount deemed fair and appropriate by the trier of fact and, pursuant to Rule 47 of the Texas Rules of Civil Procedure, pleads for monetary relief over $250,000.00 but not more than $1,000,000.00 should the jury or this Honorable Court

decide it is appropriate and further demands judgment for all other relief to which the party deems himself entitled.

Plaintiff would further show that this Honorable Court has subject-matter jurisdiction over this lawsuit because the amount in controversy exceeds the minimum jurisdictional requirements.

III.

## REQUEST FOR DEPOSITION

Plaintiff includes within these pleadings a demand for the deposition of Defendant.

IV.

## VENUE AND JURISDICTION

Venue is proper in Polk County, Texas, under and by virtue of Texas Civil Practice and Remedies Code, Section 15.002, in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

The federal courts lack jurisdiction over this suit. Plaintiff's claim raises no federal question, nor does Plaintiff seek relief under federal law, statute, regulation, treatise, or the United States Constitution. Accordingly, Plaintiff's right to relief does not depend on the resolution of a substantial question of federal law. Further, this lawsuit cannot be removed because there is no complete diversity, as Plaintiff and multiple Defendants reside or have their principal place of business in Texas. Therefore, removal would be improper.

V.

## FACTS

Plaintiff, at all times relevant, was and is the owner of a registered quarter horse mare named Juan Purty Kitty (also known as Debbie). Debbie is a sorrel mare that was born in April 2011. Debbie was professionally trained to be utilized as a team roping horse. Debbie's ability to perform as a team roping horse was exceptional. Team roping horses that possess the talent that Debbie exhibited are very valuable in the equine market.

Plaintiff is an accomplished team roper. Plaintiff successfully competed in the Professional Rodeo Cowboys Association as well as other team roping associations on a very competitive level. To do so, a roper must have individual athletic ability and ride an extremely athletic horse. Plaintiff possessed both. Horses that are the caliber of Debbie are highly sought

after in the equine market.

Plaintiff owns 15 acres in Polk County, Texas. Situated on his property are his home, horse barn, and turn-out pastures for his horses. The property is surrounded by a fence so that his horses can be turned out to graze.

Across the property, a pipeline right-of-way exists, which is owned and operated by a pipeline company named Kinder Morgan. Kinder Morgan possesses the right to enter onto Plaintiff's property for inspection and maintenance of the pipeline owned by Kinder Morgan. Because Plaintiff's horses graze upon open pasture on which Kinder Morgan's pipeline is situated, before agents, employees, or servants of Kinder Morgan enter the property, Kinder Morgan notifies Plaintiff of the plans to enter, and he gathers his horse(s) and stalls them for the purpose of keeping them safe and uninjured while work associated with the pipeline is being done by Kinder Morgan or its agents, servants, and/or employees.

On or about May 20, 2022, a subcontractor by the name of Corrpro Companies, Inc. (hereinafter referred to as Defendant for all intent and purposes), working on behalf of Kinder Morgan, entered onto Plaintiff's property without notifying Plaintiff of their plan to conduct pipeline testing. Since Plaintiff was not notified, he did not get the opportunity to remove and stall his sorrel mare, Debbie. While on the property, Defendant performed activities that included utilizing bare electrical wires that were exposed to the surface. Debbie came into contact with the wires, which caused her to attempt to break out of the pasture, running through fences and seriously injuring her legs. The mare was caught and immediately taken to a veterinarian, but because of the trauma, the horse foundered, rendering her worthless for her intended purpose.

## VI.
## NEGLIGENCE

Negligent acts performed by employees or agents of Defendant proximately caused the injuries to the exceptional mare, Debbie.

Defendant failed to notify Plaintiff that the company intended to enter Plaintiff's property for any reason. Kinder Morgan employees always notified Plaintiff of their intent to enter his property, giving Plaintiff time to stall his horses until Kinder Morgan had completed whatever tasks were at hand. Plaintiff was not notified or warned about Defendant's intent to enter onto

the property and sure was not notified that Defendant intended to use exposed electrical charged wires or whatever procedure that they were doing. Defendant's failure to notify Plaintiff of their intent to enter onto the property and to conduct the operations that they did in the matter that they were performed proximately caused the injuries to Debbie and the damages incurred by Plaintiff.

Further, Plaintiff would show that horses are very sensitive to electrical shock. Plaintiff would show that Debbie, a docile horse by nature, came into contact with the electrical wire being utilized by Defendant. The shock caused the horse to panic, causing serious and significant injuries and ultimately causing the mare to founder, rendering her useless for the intended purpose. The injuries to the mare were proximately caused by the negligent conduct of Defendant.

Further, Defendant wholly failed to properly and safely conduct the operations while on Plaintiff's property. If the operation had been properly supervised by having an adequate number of competent, trained employees, Debbie's exposure and/or contact with the live wire could have been prevented. Defendant's failure to properly supervise proximately caused the damages suffered and incurred by Plaintiff.

VII.

## DAMAGES

Plaintiff has lost the value of the use and benefit of the horse, Debbie. Extensive time, effort, and money were spent by Plaintiff to save and rehab Debbie. Unfortunately, the damage injury caused by the founder is not treatable to the extent that Debbie will ever be capable of participating and serving as a team roping horse. A valuable animal was destroyed by Defendant's negligence. Accordingly, Plaintiff seeks recovery for the value of Debbie as well as all veterinary and rehab charges incurred by Plaintiff for the care given to Debbie to the injuries proximately caused by Defendant's negligence.

VIII.

Plaintiff respectfully demands a trial by jury.

IX.

WHEREFORE, PREMISES CONSIDERED, Plaintiff ROBERT PIXLEY prays Defendant CORRPRO COMPANIES, INC. be cited in terms of law to appear and answer herein; and that

upon final trial or hearing hereof, judgment be rendered against said Defendants; that Plaintiff have pre-judgment and post-judgment interest at the legal rate; that Plaintiff have and recover his costs of court in this behalf expended; and, that Plaintiff have such other and further relief, both general and special, at law and in equity, to which he may show himself justly entitled, and in duty bound will ever pray.

Respectfully submitted,

David Hammit, LLC
Attorney at Law
109 South Madison Street
Madisonville, Texas 77864
Ph: (936) 349-1600
FX: (936) 349-0505
EM: david@hammitlaw.net

*/s/ David Hammit*
DAVID HAMMIT
State Bar No. 08857660